IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JH

| | |
|---|---|
| IN RE McDONALD'S FRENCH FRIES LITIGATION [MDL-1784] | Case No.: 1:06-cv-04467 Honorable Elaine E. Bucklo |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

**STIPULATED PROTECTIVE ORDER**

This Stipulated Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during discovery in this litigation whether revealed in a document, deposition, other testimony, discovery response or otherwise ("Discovery Material"), by any party or third party in the MDL-1784 actions(the "Producing Party") to any other party (the "Receiving Party") when the same is designated using the procedures set forth herein. This Stipulated Protective Order is binding upon the parties to the MDL-1784 actions, as well as their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.

**DESIGNATION AND PROTECTION OF CONFIDENTIAL INFORMATION**

1.   Any Producing Party shall have the right to identify and designate as "Confidential" any document or other material it produces or provides, or any testimony it gives in this proceeding, which it believes in good faith constitutes, reflects or discloses its confidential and/or proprietary information, including (i) financial data, research and development information, marketing and advertising data or plans, strategic or long-range plans, or internal cost, wage, salary, compensation, recruiting and retention data, (ii) non-

EXHIBIT A

public private information relating to individuals, such as employee names, social security numbers, home addresses and/or telephone numbers, and (iii) other information understood to be confidential pursuant to statutory or common law.

2. "Confidential Information" includes information in oral, electronic or written form or embodied in physical samples of materials, the disclosure of which is likely to have the effect of harming the competitive position of the party from which the information was obtained or the disclosure of which would violate an obligation of confidentiality to a third person. No item shall be deemed Confidential Information if it (i) is disclosed subsequently to the receiving party by a third party having no obligation of confidentiality to the producing party with respect to such information; (ii) is developed independently by employee(s) of the receiving party who had no access to such information before such development; or (iii) is published or generally becomes known to the public through means not constituting a breach of this Order. Notwithstanding any other provisions of this Order, the party producing Confidential Information may choose to withdraw its designation as Confidential Information by doing so in writing.

3. The restrictions upon and obligations accruing to persons who become subject to this Order shall not apply to any information as to which the Court rules, after proper notice and hearing, that such information is not Confidential Information.

4. Any oral, electronic or written information produced at any time in this litigation, either voluntarily, pursuant to a discovery request or pursuant to court order, which is asserted by the Producing Party to contain or constitute Confidential Information, shall be protected as follows.

(a) Documents and things containing Confidential Information shall be clearly and prominently marked on their face, "CONFIDENTIAL."

(b) Anything which cannot be marked on its face shall be marked by placing this legend on a container or package in which the thing is produced or a tag attached there.

(c) If any Confidential Information is contained in a deposition transcript, trial transcript or other transcript of testimony, the transcript may be designated as containing Confidential Information in accordance with this Order by notifying the other party of the specific pages and lines of the transcript which contain Confidential Information either on the record at the time of the testimony or in writing within fourteen (14) days of receipt of the transcript. All deposition transcripts, regardless of whether a designation of confidentiality was made on the record, shall be treated as having been marked "CONFIDENTIAL" until fourteen (14) days after a transcript of the deposition is received by the Producing Party.

**DISCLOSURE OF CONFIDENTIAL INFORMATION**

5. In the absence of written permission from the Producing Party or further order by the Court, Confidential Information may be disclosed only to the following persons:

(a) parties, including employees of parties;

(b) outside counsel engaged by a party to represent it in connection with the MDL-1784 actions, including paralegal, secretarial and clerical personnel who are engaged in assisting such counsel in the MDL-1784 actions;

(c) deposition witnesses (provided that the witnesses are shown but are not provided with copies of the Confidential Information);

(d) consulting experts and experts who are not current employees, officers or directors of any party or any parent, affiliate or subsidiary of any party, and any employees and assistants under the control of such consulting experts and experts;

(e) any court reporter recording or transcribing testimony;

(f) this Court, its clerk and court personnel; and

(g) Any person indicated on the face of a document as having written or received such document during the course of his or her employment or consultancy.

6. Documents designated or marked "CONFIDENTIAL," shall not be disclosed to plaintiffs and persons described in subparagraphs (c), (d) and (g) of paragraph 5 unless and until such person has signed and dated an Undertaking substantially in the form attached hereto as <u>Exhibit A</u>. Such Undertakings signed and dated by persons described in subparagraph (d) of paragraph 5 shall be kept by the party who retains the expert, and shall be provided to a party, in a redacted form that does not disclose the identity of the expert, upon request of that party.

7. Any Confidential Information (including confidential portions of documents or transcripts) or any document, pleading or brief which discloses the substance or content of Confidential Information used in connection with any motion, other written submission, hearing or trial in the MDL-1784 actions, shall be marked according to paragraph 4 and shall be filed under seal for the Court's *in camera* inspection or shall be submitted to the Court in such other manner as the parties and the

Court may agree to protect the confidentiality of such information. The original and all copies of any document constituting or containing Confidential Information shall state in bold letters on the first page of the document that it is confidential. If any Confidential Information will be disclosed in open court, the disclosing party shall first reasonably inform the opposing party, so that such opposing party may request that the disclosure be made *in camera*. The parties shall agree on the copy service that plaintiffs must use to make copies of any Confidential Information.

8. Inspection of documents or things by either party shall be conducted only by persons eligible under paragraphs 5(a), (b), (d) and (g). Such persons shall treat all information in such documents or things as having been designated, "CONFIDENTIAL," until copies are produced, and thereafter to the extent that such information is designated Confidential Information under paragraph 4 above. Inspection of documents and things by persons described in subparagraphs (c), (d) and (g) of paragraph 5 must sign and date an Undertaking substantially in the form attached hereto as <u>Exhibit A</u> before such inspection. In the event that a deposition in the MDL-1784 actions is, at the request of a party, attended by a person not authorized to receive Confidential Information pursuant to paragraph 4, any party may have such person excluded from the deposition during any portions of the examination that it reasonably believes may result in the disclosure of its Confidential Information. Production of documents and things for the purpose of inspection and copying shall not constitute a waiver in whole or in part of confidentiality, privilege, work product or other ground of immunity from discovery.

9. Nothing herein shall prevent disclosure of any Confidential Information to any employee or officer of the Producing Party, or to any person no longer affiliated with

the Producing Party, who either authored, in whole or in part, or received the Confidential Information.

### RESTRICTED USE OF CONFIDENTIAL INFORMATION

10. All Confidential Information produced in accordance with this Order shall be utilized solely for purposes of the MDL-1784 actions. Use for purposes of the MDL-1784 actions shall include, *inter alia*, use in testimony, trial exhibits, motions, depositions, expert reports or witness preparation, subject to the restrictions of this Order, but shall not include, *inter alia*, use for or in connection with the research, development, manufacture, sales or marketing of any products or process, or in connection with any litigation or legal proceeding other than (a) the MDL-1784 actions, (b) the action styled *Chimiak v. McDonald's Corporation*, pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and (c) the related actions pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida that have been consolidated with the *Chimiak* action for pre-trial purposes.

11. If the Court orders, or if the Producing Party agrees, that access to or dissemination of information submitted as Confidential Information may be made to persons not included in paragraph 5 above, such Confidential Information shall only be accessible to or disseminated to such persons subject to the terms of this Order, any order by this Court requiring the dissemination of said matter, and/or an agreement by the Producing Party to disseminate said matter.

### CHALLENGES TO DESIGNATIONS

12. If a party to this Order who is to receive any Confidential Information disagrees with respect to a designation, in whole or in part, it shall notify the Producing

Party in writing within a reasonable a time after receiving the information. The parties shall thereupon confer as to the status of the designation within seven (7) days after the Receiving Party notifies the Producing Party of its objections to a designation. If the Receiving and Producing Parties are unable to agree on the status of the designation, then any party to this Order may raise the issue of the designation of such status to the Court within seven (7) days after the parties conferred about the Receiving Party's objections. The Court may raise the issue of a designation of Confidential Information without any request from a party. If an issue with a designation of Confidential Information is raised with or by the Court, the Producing Party bears the burden of persuading the Court that the designated information is properly designated as "CONFIDENTIAL." No party to the MDL-1784 actions shall be obligated to challenge the propriety of any designation, nor shall a failure to challenge constitute an admission that any information is in fact confidential.

## DESTRUCTION OR RETURN OF CONFIDENTIAL INFORMATION

13.   Within sixty (60) days of the entry of a final, unappealable judgment in each MDL-1784 action, each person who received Confidential Information pursuant to paragraph 5 other than the defendants, the defendants' counsel and the defendants' experts in a particular MDL-1784 action shall destroy or return to the Producing Party all Confidential Information produced by all Producing Parties, except that outside counsel of record may retain one archival copy of deposition transcripts, Court pleadings, Court transcripts, and material containing attorney work product or attorney-client privileged information. Within sixty (60) days of the entry of a final, unappealable judgment in the last pending MDL-1784 action, the defendants shall destroy or return to the Producing Party all Confidential Information produced by all Producing Parties, except that outside

counsel of record may retain one archival copy of deposition transcripts, Court pleadings, Court transcripts, and material containing attorney work product or attorney-client privileged information. In the event plaintiffs or defendants destroy Confidential Information produced by Producing Parties, they shall certify, by a written affidavit notarized by a notary public, that all such destruction has occurred.

### NONPARTY PRODUCTION OF CONFIDENTIAL INFORMATION

14. If any Confidential Information is produced by a nonparty to this litigation, such a nonparty may elect to designate its Confidential Information, as defined herein, and be considered a "Producing Party" within the meaning of that term as it is used in the context of this Order. If requested Confidential Information is covered by a confidentiality obligation to a third person, including a protective order, the party possessing such information shall identify the information with sufficient particularity as to enable the party requesting the Confidential Information to understand the subject matter of such information and the identity of said third person, and shall seek permission from said third person to produce such information. If the third person refuses to consent to production of this information, the party requesting the Confidential Information may seek an order from this Court or other court having appropriate jurisdiction compelling such production. For purposes of this paragraph, "third person" shall not include another party to the MDL-1784 actions, or any parent, subsidiary, division or affiliate of a party in the MDL-1784 actions.

### INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION

15. The inadvertent disclosure by the Producing Party of Confidential Information without designating that information as such will not be deemed a waiver, either in whole or in part, of any confidentiality either as to specific information disclosed

or as to any other information relating thereto or on the same or related subject matter. Upon written notice by the Producing Party within a reasonable time after determining that the information inadvertently was disclosed and showing that the information is confidential, the Receiving Party shall return the originals and all copies of the documents and things containing the Confidential Information so that the producing party may designate them as containing such information. To the extent reasonably feasible, anyone who has received such newly designated Confidential Information shall be informed about the confidential nature of the material and the requirements of this Protective Order. Except as provided in this paragraph, the Receiving Party shall not be responsible for any consequences from the disclosure of any such Confidential Information prior to receiving such notice of inadvertent disclosure by the Producing Party.

## INADVERTENT PRODUCTION OF PRIVILEGED OR OTHER INFORMATION

16. The parties anticipate that, given the large volume of data that will likely be exchanged in discovery, there may be inadvertent disclosures by a Producing Party of attorney-client privilege, attorney work product immunity or information having any other ground of immunity from discovery. Such inadvertent disclosures will not be deemed a waiver, in whole or in part, of such privilege except as provided herein, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon written notice by the Producing Party within fourteen (14) days of learning of such inadvertent disclosure notifying the Receiving Party that the information was inadvertently disclosed, the Receiving Party shall promptly return the originals and all copies of the documents or things containing the

allegedly privileged or immune information. If the Receiving Party disagrees that the information is protected from disclosure by the attorney-client privilege, work product immunity or other immunity from discovery, it may move the Court for an order that such information be produced, in which case, the party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists. The failure to notify the Receiving Party of such inadvertent disclosure within the time period prescribed will not be deemed, however, a waiver in whole or in part of attorney-client privilege, attorney work product immunity or other ground of immunity from discovery as to any other information relating there or on the same or related subject matter, provided that the Producing Party can establish that the production was, in fact, inadvertent, in which case, the Receiving Party may not affirmatively rely on the inadvertently produced information unless the Producing Party introduces it into evidence or refers to it for purposes of cross-examination or impeachment.

## MISCELLANEOUS PROVISIONS

17. If the party producing documents and things makes copies or duplicates thereof at the request of the Receiving Party, it will do so at the expense of the Receiving Party, unless other arrangements have been made between the parties.

18. Nothing in this Order shall be deemed a waiver of any right any party otherwise might have under the Federal Rules of Civil Procedure or the doctrines of attorney-client privilege or attorney work product.

19. This Order shall survive the final termination of each of the MDL-1784 actions with respect to any Confidential Information.

20. This Order may be modified or amended by further order of the Court for good cause shown, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, *see*

*Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858-59 (7th Cir. 1994), or by written agreement of all of the parties in the MDL-1784 actions.

21.    The entry of this Order shall not preclude any party from requesting revisions thereof for good cause shown upon motion to the Court.

22.    The disclosure of Confidential Information by a plaintiff in the MDL-1784 actions in violation of this Order may result in a severe penalty imposed, including an order of contempt and a dismissal of the plaintiff's causes of action.

DONE AND ORDERED this 14th day of March, 2007.

                                                    _____
                                                    HON. ELAINE E. BUCKLO
                                                    United States District Judge

**Plaintiffs' Co-Lead Counsel Corporation**

_____
Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC

_____
Larry D. Drury
LARRY D. DRURY, LTD.

_____
Gary M. Farmer
FREEDLAND, FARMER, RUSSO
& SHELLER, PL

_____
Jordan L. Lurie
WEISS & LURIE

_____
Athan T. Tsimpedes
LAW OFFICES OF
ATHAN T. TSIMPEDES

**Counsel for McDonald's**

_____
Michael A. Pope
McDERMOTT WILL & EMERY LLP

*Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858-59 (7th Cir. 1994), or by written agreement of all of the parties in the MDL-1784 actions.

21. The entry of this Order shall not preclude any party from requesting revisions thereof for good cause shown upon motion to the Court.

22. The disclosure of Confidential Information by a plaintiff in the MDL-1784 actions in violation of this Order may result in a severe penalty imposed, including an order of contempt and a dismissal of the plaintiff's causes of action.

DONE AND ORDERED this ___th day of February, 2007.

                                                                  _____
                                                                  HON. ELAINE E. BUCKLO
                                                                  United States District Judge

**Plaintiffs' Co-Lead Counsel Corporation**

_____
Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC

_____
Larry D. Drury
LARRY D. DRURY, LTD.

_____
Gary M. Farmer
FREEDLAND, FARMER, RUSSO
& SHELLER, PL

_____
Jordan L. Lurie
WEISS & LURIE

_____
Athan T. Tsimpedes
LAW OFFICES OF
ATHAN T. TSIMPEDES

**Counsel for McDonald's**

_____
Michael A. Pope
McDERMOTT WILL & EMERY LLP

- 11 -

*Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858-59 (7th Cir. 1994), or by written agreement of all of the parties in the MDL-1784 actions.

21. The entry of this Order shall not preclude any party from requesting revisions thereof for good cause shown upon motion to the Court.

22. The disclosure of Confidential Information by a plaintiff in the MDL-1784 actions in violation of this Order may result in a severe penalty imposed, including an order of contempt and a dismissal of the plaintiff's causes of action.

DONE AND ORDERED this ___th day of February, 2007.

                                                         **HON. ELAINE E. BUCKLO**
                                                        **United States District Judge**

**Plaintiffs' Co-Lead Counsel Corporation**                           **Counsel for McDonald's**

Daniel A. Edelman                                          Michael A. Pope
EDELMAN, COMBS, LATTURNER                 McDERMOTT WILL & EMERY LLP
& GOODWIN, LLC

Larry D. Drury
LARRY D. DRURY, LTD.

Gary M. Farmer
FREEDLAND, FARMER, RUSSO
& SHELLER, PL

Jordan L. Lurie
WEISS & LURIE

Athan T. Tsimpedes
LAW OFFICES OF
ATHAN T. TSIMPEDES

- 11 -

*Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858-59 (7th Cir. 1994), or by written agreement of all of the parties in the MDL-1784 actions.

21. The entry of this Order shall not preclude any party from requesting revisions thereof for good cause shown upon motion to the Court.

22. The disclosure of Confidential Information by a plaintiff in the MDL-1784 actions in violation of this Order may result in a severe penalty imposed, including an order of contempt and a dismissal of the plaintiff's causes of action.

DONE AND ORDERED this ___th day of February, 2007.

                                              HON. ELAINE E. BUCKLO
                                              United States District Judge

| Plaintiffs' Co-Lead Counsel Corporation | Counsel for McDonald's |
|---|---|
| Daniel A. Edelman<br>EDELMAN, COMBS, LATTURNER & GOODWIN, LLC | Michael A. Pope<br>McDERMOTT WILL & EMERY LLP |
| Larry D. Drury<br>LARRY D. DRURY, LTD.<br><br>Gary M. Farmer<br>FREEDLAND, FARMER, RUSSO & SHELLER, PL | |
| Jordan L. Lurie<br>WEISS & LURIE | |
| Athan T. Tsimpedes<br>LAW OFFICES OF<br>ATHAN T. TSIMPEDES | |

*Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858-59 (7th Cir. 1994), or by written agreement of all of the parties in the MDL-1784 actions.

21. The entry of this Order shall not preclude any party from requesting revisions thereof for good cause shown upon motion to the Court.

22. The disclosure of Confidential Information by a plaintiff in the MDL-1784 actions in violation of this Order may result in a severe penalty imposed, including an order of contempt and a dismissal of the plaintiff's causes of action.

DONE AND ORDERED this ___th day of February, 2007.

                                                              HON. ELAINE E. BUCKLO
                                                            United States District Judge

**Plaintiffs' Co-Lead Counsel Corporation**

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC

Larry D. Drury
LARRY D. DRURY, LTD.

Gary M. Farmer
FREEDLAND, FARMER, RUSSO
& SHELLER, PL

Jordan L. Lurie
WEISS & LURIE

Athan T. Tsimpedes
LAW OFFICES OF
ATHAN T. TSIMPEDES

**Counsel for McDonald's**

Michael A. Pope
McDERMOTT WILL & EMERY LLP

- 11 -

*Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858-59 (7th Cir. 1994), or by written agreement of all of the parties in the MDL-1784 actions.

21.  The entry of this Order shall not preclude any party from requesting revisions thereof for good cause shown upon motion to the Court.

22.  The disclosure of Confidential Information by a plaintiff in the MDL-1784 actions in violation of this Order may result in a severe penalty imposed, including an order of contempt and a dismissal of the plaintiff's causes of action.

DONE AND ORDERED this ___th day of February, 2007.

_____
HON. ELAINE E. BUCKLO
United States District Judge

<u>Plaintiffs' Co-Lead Counsel Corporation</u>

_____
Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC

_____
Larry D. Drury
LARRY D. DRURY, LTD.

_____
Gary M. Farmer
FREEDLAND, FARMER, RUSSO
& SHELLER, PL

_____
Jordan L. Lurie
WEISS & LURIE

_____
Athan T. Tsimpedes
LAW OFFICES OF
ATHAN T. TSIMPEDES

<u>Counsel for McDonald's</u>

_____
Michael A. Pope
McDERMOTT WILL & EMERY LLP

## EXHIBIT A
## CONFIDENTIALITY AGREEMENT

I, _____, hereby state the following:

1. I have read and understand the attached Stipulated Protective Order and I attest to my understanding that access to information designated as "CONFIDENTIAL INFORMATION" may be provided to me pursuant to the terms and restrictions of the Protective Order entered in this litigation.

2. I hereby agree to be bound by the terms of the Stipulated Protective Order, and that Confidential Information provided to me shall be used in connection with this litigation only and for no other purpose.

3. I shall neither use nor disclose any Confidential Information to others, except in accordance with the Stipulated Protective Order. I UNDERSTAND THAT, IN THE EVENT THAT I FAIL TO ABIDE BY THE TERMS OF THIS CONFIDENTIALITY AGREEMENT OR THE PROTECTIVE ORDER, I MAY BE SUBJECT TO SANCTIONS OR OTHER APPROPRIATE RELIEF BY THE COURT FOR VIOLATIONS OF THIS ORDER, INCLUDING AN ORDER HOLDING ME IN CONTEMPT OF COURT, AN ASSESSMENT OF ANY COSTS AND ATTORNEYS' FEES RELATED TO MY VIOLATION, AN ORDER DISMISSING MY CAUSES OF ACTION (IF I AM A PLAINTIFF) AND ANY OTHER RELIEF AUTHORIZED BY LAW.

_____   _____
Printed Name                        Address

_____   _____
Signature                           Party Affiliated With

_____   _____
Employer/Business Affiliation       Date

CHI99 4777963-2.022638.0022