JH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE McDONALD'S FRENCH FRIES LITIGATION
[MDL-1784]

Case No.: 1:06-cv-04467
Honorable Elaine E. Bucklo

THIS DOCUMENT RELATES TO ALL ACTIONS

### ADDENDUM "1" TO THE STIPULATED PROTECTIVE ORDER FOR SENSIENT FLAVORS, INC.

The parties agree that certain documents, testimony, discovery responses and other materials to be provided by Sensient Flavors, Inc. in the above-captioned action contain trade secrets and other proprietary and highly-confidential information regarding the formula and processes for making the flavoring used in McDonald's french fries. As a result, good cause exists for the entry of this addendum to the stipulated protective order.

In addition to the terms of the stipulated protective order signed by Judge Elaine Bucklo on March 14, 2007, the parties further stipulate and agree that any testimony, discovery responses, documents, or other material that Sensient Flavors, Inc. or its representatives (collectively "Sensient") identify as containing its trade secrets or other proprietary or confidential information shall be subject to the following additional terms and provisions:

1. The parties agree that Sensient may designate testimony, documents, discovery responses or any other material that it, in its sole discretion, considers to contain its trade secrets or other proprietary or confidential information as "Highly Confidential-Attorney's Eyes Only."

2 If any testimony, document, discovery response or other material designated by Sensient as "Highly Confidential-Attorney's Eyes Only" is filed with the Court, it shall be filed under seal.

3. Testimony, documents, discovery responses or other material designated by


EXHIBIT B

Sensient as "Highly Confidential-Attorney's Eyes Only" may only be disclosed to the following persons, unless otherwise agreed to in writing by Sensient (or by specific order of the Court in the above-captioned action):

i. The Court and Court personnel in the above-captioned action;

ii. Counsel for any party appearing in the above-captioned action, including McDonald's in-house counsel, and their staff to whom it is reasonably necessary to disclose the information for purposes of this litigation and who have read and signed **Exhibit A**;

iii. Any court reporter employed in this litigation and acting in that capacity who has read and signed **Exhibit A**;

iv. Experts or consultants retained by counsel to assist in the preparation of this action or to testify at trial or at any other proceeding in this action and who have read and signed **Exhibit A**, provided that the name and current resume or curriculum vitae of the expert or consultant has been provided to Sensient and Sensient has agreed in advance and in writing to the disclosure of the testimony, documents, discovery responses or other material designated as "Highly Confidential-Attorney's Eyes Only" to that specific expert or consultant. Sensient agrees not to disclose and to keep confidential the name and identity of any expert or consultant retained by counsel and made known to Sensient. Sensient shall respond in writing as expeditiously as possible and in any event within 5 business days to any request to disclose such testimony, documents, discovery responses or other material to a selected consultant or expert. Sensient's consent shall not be unreasonably withheld.

        v.    Any person identified as having authored or previously received such material and who has read and signed **Exhibit A**.

4. If Sensient does not agree to the disclosure of testimony, documents, discovery responses or other material designated "Highly Confidential-Attorney's Eyes Only" to an expert or consultant selected by one of the parties who has signed **Exhibit A**, then that party may move the Court in the above-captioned action to permit such disclosure. The party filing the motion has the burden of proving that Sensient's consent has been unreasonably withheld. In the event that a party files a motion to permit the requested disclosure, then the testimony, documents, discovery responses or other material designated "Highly Confidential-Attorney's Eyes Only" shall not be disclosed to that expert or consultant unless and until the Court grants the motion. The parties stipulate and agree that any motion to permit the disclosure of testimony, documents, discovery responses or other material designated "Highly Confidential-Attorney's Eyes Only" to a selected expert or consultant shall not be granted under any circumstances if the selected expert or consultant is or has been employed by, has performed work for, or has provided services to any manufacturer, distributor, or seller of natural or artificial flavorings. (*i.e.* a competitor of Sensient). The disqualifiers identified in the preceding sentence do not represent the only reasons that Sensient may reasonably object to the disclosure of testimony, documents, discovery responses or other material designated "Highly Confidential-Attorney's Eyes Only" to an expert or consultant selected by one of the parties.

5. Any and all testimony, documents, discovery responses or other material designated by Sensient as "Highly Confidential-Attorney's Eyes Only" shall at all times be subject to the terms of this addendum and the March 14, 2007 Stipulated Protective Order and may not be used for any purpose other than for prosecuting or defending the specific claims asserted in the above-captioned action (including appeals).

**IT IS SO ORDERED.**

Dated: 7/17/, 2007

_____
District Court Judge

IT IS SO STIPULATED AND APPROVED AS TO FORM AND CONTENT.

Dated: May 4, 2007

          Jordan L. Lurie
          Zev B. Zysman
          WEISS & LURIE

By: _____
          Jordan L. Lurie
          10940 Wilshire Boulevard, Suite 2300
          Los Angeles, CA 90024
          T: 310.208.2800
          F: 310.209.2348
          E-mail: jlurie@weisslurie.com
                  zzysman@weisslurie.com

Dated: May 4, 2007

          Larry D. Drury
          LARRY D. DRURY, LTD. w/consent by JSF

By: _____ w/consent by JSF
          Larry D. Drury
          205 W. Randolph, Suite 1430
          Chicago, IL 60606
          T: 312.346.7950
          F: 312.346.5777
          E-mail: ldrurylaw@aol.com

Dated: May 4, 2007

          Daniel A. Edelman
          EDELMAN, COMBS, LATTURNER &
          GOODWIN, LLC

By: _____ w/consent by JSF
          Daniel A. Edelman
          120 S. LaSalle Suite 1800
          Chicago, IL 60603
          T: 312.739.4200
          F: 312.419.0379
          E-mail: dedelman@edcombs.com

Dated: May 4, 2007

          Gary M. Farmer

Dated: May ___, 2007

FREEDLAND FARMER RUSSO SHELLER *w/ consent by TSF*

By: _____*Gary M. Farmer*_____
Gary M. Farmer
2665 Executive Park Dr., Suite 3
Weston, FL 33331
T: 954.467.6400
F: 954.670.2530
E-mail: gary@westonlawyers.com

Athan T. Tsimpedes
LAW OFFICES OF ATHAN T. TSIMPEDES *w/ consent by TSF*

By: _____*Athan Tsimpedes*_____
Athan T. Tsimpedes
1420 New York Avenue, NW
7th Floor
Washington, DC 20005
T: 202.638.2100
F: 202.449.3499
E-mail: atsimpedes@comcast.net

*Co-Lead Counsel for Plaintiffs*

Thomas E. Pakenas
DALE & PAKENAS
641 W. Lake Street, Suite 400
Chicago, IL 60661
T: 312.258-1800
F: 312.258.1804
E-mail: tpakenas@earthlink.net

Thomas G.A. Herz, Jr.
LAW OFFICES OF THOMAS GA HERZ, JR.
39 S. La Salle Street, Suite 720
Chicago, IL 60603
T: 312.236.4379
F: 312.267.6901
E-mail: tgahlaw@yahoo.com

David W.T. Brown
Paul E. Heidenreich
HUSKINSON & BROWN, LLP
865 Manhattan Beach Boulevard, Suite 200
Manhattan Beach, CA 90255
T: 310.545.5459
F: 310.546.1019
E-mail: huskinsonbrown@att.net

Michael S. Shipwash
LAW OFFICE OF MICHAEL S. SHIPWASH
9040 Executive Park, Suite 315
Knoxville, TN 37923
T: 865.691.4454
F: 865.691.1895
E-mail: mikeshipwash@shipwashlaw.com

Brian W. Smith
SMITH & VANTURE, LLP
1615 Forum Place, Suite 4-C
West Palm Beach, FL 33401
T: 561.684.6330
F: 561.688.0630
E-mail: bws@smithvanture.com

Edward H. Zehersky
ZEBERAKY & PAYNE, LLP
400 Hollywood Boulevard, Suite 400-N
Hollywood, FL 33021
T: 954.989.6333
F: 954.989.7781
E-mail: ezehersky@zpklaw.com

*Plaintiffs' Executive Committee*

Dated: May 4__, 2007

**MCDERMOTT, WILL & EMERY**
Christopher M. Murphy
Geoffrey A. Vance

By: _____
Geoffrey A. Vance
227 West Monroe Street, Suite 4400
Chicago, IL 60606
T:  312.372.2000
F:  312.984.7700
E-mail: gvance@mwe.com
           cmurphy@mwe.com

Dated: May 4__, 2007

**MCDERMOTT, WILL & EMERY**
Ryan S. Smethurst

By: _____ For Ryan S. Smethurst
Ryan S. Smethurst
600 13th St., NW
Washington, D.C. 20005-3096
T:  202.756.8000
F:  202.756.8087
E-mail: rsmethurst@mwe.com

*Counsel for McDonald's Corp.,
McDonald's Restaurants of California.,
and King Group, Inc.*

EXHIBIT 1

**ACKNOWLEDGMENT**

I understand that trade secrets and other proprietary and highly confidential information belonging exclusively to Sensient Flavors, Inc. is being provided to me pursuant to the terms and restrictions of the Stipulation and Confidentiality Order dated March 14, 2007 and the addendums thereto in *In Re McDonald's French Fries Litigation*, MDL Docket No. 1784. I have been given a copy of that Order and have read it. I agree to be bound by the Order. I will not disclose to anyone or use any document, information, testimony or other material designated as "Highly Confidential-Attorney's Eyes Only," except as specifically allowed by the Order. I hereby consent to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of enforcing the Order.

Dated this ___ day of _____, 2007

_____
(Signature)

Name: _____

Address: _____

City, State: _____

Telephone: _____