UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION

| | |
|---|---|
| EDWIN BRZTOWSKI, VIKTORIA HUFFMAN, and BRAEDYN PIERCE-COGGINS, a minor by his mother and next friend, SUZANNE PIERCE-COGGINS,<br><br>    Plaintiffs,<br>  v.<br>MCDONALD'S CORPORATION, and, SENSIENT TECHNOLOGIES CORP., d/b/a SENSIENT FLAVORS, INC.,<br><br>    Defendants. | No. 08-CV-1354 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO REMAND**

NOW COME the Plaintiffs EDWIN BRZTOWSKI, an individual, VIKTORIA HUFFMAN, an individual, and BRAEDYN PIERCE-COGGINS, a minor by his mother and next friend, SUSAN PIERCE-COGGINS, by and through their undersigned counsel, and for their Memorandum of Law in Support of their Motion to Remand, state:

**INTRODUCTION**

Plaintiffs chose their forum to file suit against the defendants in The Circuit Court of Cook County, Illinois, and their choice should be honored and preserved. There is no subject matter jurisdiction of this case in this federal court. The underlying claims within Plaintiffs' complaint assert pure Illinois substantive causes of action. The Court should therefore remand this case back to state court. Simply put, this case does not involve any federal question.

**RELEVANT FACTS**

The underlying complaint [Exhibit 1] is a multiple count action brought by Plaintiffs

1

against Defendants-McDonald's Corporation and Sensient Flavors, Inc. The Plaintiffs filed the action in the Circuit Court of Cook County, Illinois. McDonald's Corporation is a Delaware Corporation with its corporate headquarters located in the State of Illinois with its principal place of business in the State of Illinois. Sensient Flavors, Inc., transacts business within the State of Illinois and edible products developed and manufactured by Sensient are consumed by Illinois citizens.

Plaintiffs allege that French fries and hash browns, containing component parts manufactured by Defendant Sensient and sold by Defendant McDonald's, contained gluten (a protein in wheat, barley, rye and oats) and milk ingredients, yet were affirmatively represented to Plaintiffs and to the public that these food products did **not** contain gluten or milk. The Plaintiffs suffer from a condition known as celiac disease, which is a chronic disease of the digestive tract that interferes with the digestion and absorption of food nutrients. When people with celiac disease, such as the Plaintiffs, ingest gluten the mucosa of their intestines is damaged by an inflammatory response. The Plaintiffs maintained a very **strict** gluten free diet. Because of this strict diet, Plaintiffs only ate McDonald's French fries based upon assurances that said fries and hash browns were gluten free. These assurances were made on McDonald's corporate website. [Exhibit 2]. McDonald's claims it ~~[redacted]~~ in the components supplied by Sensient ~~[redacted]~~ Even after that time, Defendant McDonald's assured Plaintiffs that the French fries and hash browns did **not** contain gluten ingredients. Relying on McDonald's representations and published product ingredient lists, Plaintiffs purchased and consumed McDonald's French fries and hash browns. In direct contradiction to Defendant McDonald's representation, the French fries and hash browns did

contain gluten ingredients, thereby causing injury to the Plaintiffs who regularly consumed the French fries and hash browns that contained these food allergens. McDonald's now acknowledges [Exhibit 3] and ███████████████████████████████ ███████████, Designated Confidential], that wheat (gluten) and milk ingredients ███████████████████████████████████████████████████████.

The Plaintiffs Complaint at Law, filed in Illinois State Court, alleges theories of strict product liability (defect), strict product liability (failure to warn), breach of express warranty, breach of implied warranties, fraudulent misrepresentations, negligent misrepresentations, concealment and negligence. Plaintiffs filed their state court complaint in the Circuit Court of Cook County based upon these clearly Illinois State Court substantive causes of action.

On March 6, 2008, Defendant Sensient filed a Notice of Removal to this Court, alleging without any factual support that Plaintiffs right to relief against it necessarily depends on the resolution of a substantial question of federal law involving the Food Allergen Labeling and Consumer Protection Act ("FALCPA") of 2004, Pub. L. No. 108-282, 118 Stat. 905 (coded at 21 U.S.C. sections 321 qq, 343-1 (a) (2), 343 (w)). Plaintiffs have not made any allegations of a violation of this act and all of the allegations made by Plaintiffs clearly stand on their own without any reliance or dependence on said act.

On the face of Plaintiffs' Complaint, numerous viable causes of action lie against the Defendants. The misconducts cited in the causes of actions will, under Illinois substantive law, lead to recovery by Plaintiffs from both Defendants.

## ARGUMENT

In order to confer federal jurisdiction, a right or immunity created by the Constitution or

3

laws of the United States must be essential to the plaintiff's cause of action, the construction placed on the Constitution or laws must uphold or defeat the right or immunity, there must be a genuine present controversy concerning the right or immunity, and the federal issue must appear on the face of the complaint, unaided by any other pleading. Gully v. First National Bank, 299 US 109 (1936). The removal statute must be narrowly construed against removal jurisdiction. People of the State of Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571, 576 (7th Cir. 1982). Federal question, for purposes of removal statute, must be an essential element of plaintiff's claim to provide grounds of removal. People of the State of Illinois v. Kerr-McGee Chemical Corp., 677 at 575. A defendant's assertion of an issue of federal law in pleadings or in a petition for removal does not create a federal question. Id. In reviewing matters concerning removal and remand, it is axiomatic that ambiguities are generally construed against removal. Jones v. LMR Intern., Inc., 457 F.3d 1174 (11th Circ. 2006).

The right of defendant to remove a case must be determined solely from the allegations of the plaintiff's complaint. Jones v. General Tire & Rubber Co., 541 F.2d 660 (7th Cir. 1976). Plaintiffs' state court complaint alleges that Defendant Sensient ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. It alleges Sensient had a duty to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Further, the complaint charges that Sensient negligently breached this duty by ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Finally, the complaint alleges that as a proximate cause of Sensient's breach of duty, Plaintiffs sustained serious and permanent illness. This is a simple textbook negligence case, with no reliance or mention of "FALCPA" violations.

Likewise, all claims charged against Defendant McDonald's are appropriate Illinois

4

statutory or common law causes of action. The claims involving product liability, failure to warn, misrepresentation, negligence, breach of warranty, fraud, and negligent concealment do not mention nor premise upon any federal law. The above cited claims do not rely or depend on the resolution of a substantial question of federal law involving "FALCPA", nor is a violation of "FALCPA" an essential element of Plaintiffs' claims.

"[P]laintiff has the perogative of determining the theory of his cause of action and, so long as fraud is not involved, he may defeat removal to federal courts by avoiding allegations which provide a basis for the assertion of federal jurisdiction." Jones v. General Tire & Rubber Co., 541 at 664. There is no basis for this Court to conclude Plaintiffs' have employed fraud in order to avoid federal jurisdiction.

In Jones v. General Tire & Rubber Co., 541 at 664., the plaintiff claimed a right of action based upon state and common law theories of breach of contract. In that action, plaintiff referred to his union contract in his complaint in hope that an inference could be drawn from the recognition of seniority rights when a salaried employee who had formally been an hourly paid employee was transferred to hourly work. 541 at 665. The defendant in Jones removed the case to federal court claiming the action was a civil action arising under Section 301 of the Labor Management Relations Act. 541 at 661. The Federal Court reviewing the removal remanded the case back to state court observing; "Reduced to its basic elements, the Plaintiff here is merely claiming a right of action based upon state and common law..." 541 at 665. As in the case at bar, the Jones Court recognized that federal jurisdiction did not confer merely because of the possibility of another and different lawsuit lurking in the wings but never appearing on the stage of litigation. Id.

## CONCLUSION

It is well established that the burden is on the defendant seeking to remove to establish his right and the case must be remanded if there is doubt as to the right of removal. Jones, 541 at 664. Where an action is removed on the basis of a federal law, the law must be an element, and an essential one, of the plaintiffs' cause of action. Id. In the case at bar every claim made by Plaintiffs' complaint is clearly actionable under Illinois State Law without reliance upon, reference to, or dependance upon the resolution of a substantial question of federal law.

For the foregoing reasons, the court should grant Plaintiffs' Motion to Remand and remand this case back to Illinois State Court. The underlying complaint involves only state law claims that do not involve any federal law or statute. State Court is clearly the appropriate forum where Plaintiffs seek damages resulting from personal injuries that Plaintiffs sustained after eating Defendant McDonald's French fries and hash browns containing gluten and milk ▓▓▓▓▓▓▓▓▓▓.

Dated: March 2⁣4, 2008.

Respectfully submitted,

By:   /s/ Thomas E. Pakenas
Thomas E. Pakenas, USDC # 6205267
tpakenas@earthlink.net
Dale & Pakenas
641 W. Lake Street, Suite 400
Chicago, IL 60661
(312) 258-1800
(312) 258-1804 (facsimile)
COUNSEL FOR PLAINTIFFS

EXHIBIT 1

COMPLAINT AT LAW

CURRENTLY UNDER SEAL

Gluten Free Menu Items



# McDonald's Gluten Free Menu Items

Back to Nutrition Information

McDonald's provides a listing of popular menu items that are gluten free and contain no wheat, barley, oats or rye. You may view this information below or download a printable version.

| Beverages | Miscellaneous |
|---|---|
| | Beef Patty (no bun) |
| Coffee | Breakfast Beef Steak |
| Hot Chocolate | Canadian Bacon |
| Milk | Cheese |
| Orange Juice | French Fries |
| Soft Drinks | Fruit 'n Yogurt Parfait (no granola) |
| Chocolate Triple Thick® Shake | Grilled Chicken Breast (no bun)+ |
| Strawberry Triple Thick® Shake | Hash Browns |
| Vanilla Triple Thick® Shake | Ham |
| Condiments/Sauces | Ice Cream Sundaes including nuts |
| Butter | Sausage |
| Chicken McNugget® Honey | Scrambled Egg |
| Chicken McNugget® Hot Mustard Sauce | Salads/Dressings |
| Hotcake Syrup | Caesar Salad w/o Chicken+ |
| Jam | Side Salad |
| Ketchup | Newman's Own® Creamy Caesar Dressing |
| Lettuce | Newman's Own® Cobb Dressing |
| Margarine | Newman's Own® Low Fat Balsamic Vinaigrette |
| Mayonnaise | Newman's Own® Ranch Dressing |
| Mustard | |
| Onions | |
| Pickles | |
| Tartar Sauce | |
| Tomato | |

This list is effective 1-20-2004.

EXHIBIT 2

pepper). *Based on the weight before cooking 4 oz. (113.4g).

**Regular Bun:**
Enriched flour (bleached wheat flour, malted barley flour, niacin, reduced iron, thiamin mononitrate, riboflavin, folic acid), water, high fructose corn syrup, yeast, partially hydrogenated soybean oil, soybean oil, canola oil, contains 2% or less of each of the following: salt, wheat gluten, calcium sulfate, soy flour, ammonium sulfate, calcium carbonate, calcium phosphate, monocalcium phosphate, ammonium chloride, baking soda, sorbic acid, deactivated dry yeast, dough conditioners (may contain one or more the following: distilled monoglycerides, DATEM, sodium stearoyl lactylate, calcium peroxide, ascorbic acid, azodicarbonamide, mono- and diglycerides, enzymes, guar gum), calcium propionate & sodium propionate (preservatives), soy lecithin. CONTAINS: WHEAT AND SOY

**Sesame Seed Bun:**
Enriched flour (bleached wheat flour, malted barley flour, niacin, reduced iron, thiamin mononitrate, riboflavin, folic acid), water, high fructose corn syrup, yeast, soybean oil, partially hydrogenated soybean oil, canola oil, sesame seed, contains 2% or less of each of the following: salt, wheat gluten, calcium sulfate, soy flour, ammonium sulfate, calcium phosphate, monocalcium phosphate, ammonium chloride, sorbic acid, baking soda, calcium carbonate, deactivated dry yeast, dough conditioners (may contain one or more of the following: distilled monoglycerides, DATEM, ascorbic acid, azodicarbonamide, enzymes, sodium stearoyl lactylate, mono-and diglycerides, calcium peroxide, guar gum), calcium propionate & sodium propionate (preservatives), soy lecithin. CONTAINS: WHEAT AND SOY

**Shredded Cheddar/Jack Cheese:**
Cheddar cheese [pasteurized milk, cheese culture, salt, enzymes, annatto (color)], Monterey jack cheese (pasteurized milk, cheese culture, salt, enzymes), potato starch, corn starch and powdered cellulose (prevent caking), natamycin (natural mold inhibitor). CONTAINS: MILK

**Shredded Lettuce**

**Slivered Onions**

**Southern Style Crispy Chicken Breast Filet:**
Chicken breast filets, water, seasoning (salt, sugar, modified potato and tapioca starch, spices, yeast extract, carrageenan, maltodextrin, natural (plant source) and artificial flavors, gum arabic, sunflower lecithin, spice extractives), sodium phosphates. Battered and breaded with: wheat flour, water, sugar, salt, food starch-modified, bleached wheat flour, yellow corn flour, spices, dextrose, egg whites, wheat gluten, yeast, gum arabic, natural flavors (plant source), extractives of paprika (color), leavening (sodium acid pyrophosphate, baking soda, sodium aluminum phosphate, monocalcium phosphate). Prepared in vegetable oil ((may contain one of the following: Canola oil, corn oil, soybean oil, hydrogenated soybean oil, partially hydrogenated soybean oil, partially hydrogenated corn oil with TBHQ and citric acid added to preserve freshness), dimethylpolysiloxane added as an antifoaming agent). CONTAINS: WHEAT AND EGG

**Tangy Honey Mustard Sauce:**
Water, sugar, dijon mustard (distilled vinegar, mustard seed, salt, water, white wine, spices), corn syrup solids, honey, soybean oil, distilled vinegar, food starch-modified, egg yolks, contains 2% or less of the following: mustard seed, turmeric (color), spices, xanthan gum, salt, titanium dioxide, propylene glycol alginate, sodium benzoate (preservative), yellow 5, yellow 6. CONTAINS: EGG

**Tartar Sauce:**
Soybean oil, pickle relish [diced pickles, vinegar, salt, capers, xanthan gum, potassium sorbate (preservative), calcium chloride, spice extractives, polysorbate 80], egg yolks, water, onions, distilled vinegar, sugar, spice, salt, xanthan gum, potassium sorbate (preservative), parsley. CONTAINS: EGG

**Tomato Slice**

## French Fries

**French Fries:**
Potatoes, vegetable oil (partially hydrogenated soybean oil, natural beef flavor (wheat and milk derivatives)*, citric acid (preservative), dextrose, sodium acid pyrophosphate (maintain color), dimethylpolysiloxane (antifoaming agent)), salt. Prepared in vegetable oil ((may contain one of the following: Canola oil, corn oil, soybean oil, hydrogenated soybean oil, partially hydrogenated soybean oil, partially hydrogenated corn oil with TBHQ and citric acid added to