IN THE CIRCUIT OF COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| EDWIN BRZTOWSKI, VIKTORIA HUFFMAN, and BRAEDYN PIERCE-COGGINS, a minor by his mother and next friend, SUZANNE PIERCE-COGGINS, <br><br> Plaintiffs, <br><br> vs. <br><br> MCDONALD'S CORPORATION and SENSIENT TECHNOLOGIES CORP., d/b/a SENSIENT FLAVORS, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No.:  08 L 001132 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## FIRST AMENDED COMPLAINT

NOW COME the Plaintiffs EDWIN BRZTOWSKI, VIKTORIA HUFFMAN, and BRAEDYN PIERCE-COGGINS, a minor by his mother and next friend SUZANNE PIERCE-COGGINS, by their attorneys, Dale & Pakenas, and complaining of Defendants McDonald's Corporation and SENSIENT TECHNOLOGIES CORPORATION, d/b/a SENSIENT FLAVORS, INC., states:

1. At all times material hereto McDonald's was a Delaware Corporation with its corporate headquarters located at One McDonald's Plaza, Oak Brook, Illinois.

2. At all times material hereto McDonald's and its subsidiaries and affiliates promoted French fries, hash browns and other food products to consumers within, including but not exclusively, the State of Illinois and the County of Cook.

3. At all times material hereto Defendant McDonald's and its subsidiaries and affiliates

1

prepared, marketed, and sold French fries, hash browns and other food products to consumers within, including but not exclusively, the State of Illinois, and the County of Cook.

4.  At all times material hereto, Defendant McDonald's conducted, and to this day conducts, business activities in the County of Cook, State of Illinois.

5.  On and prior to February 2006, McDonald's utilized incentive pay, reward and recognition programs based upon, among other things, sales of McDonald's food products including French fries and hash browns.

6.  On and prior to February 2006, McDonald's entered into franchise agreements wherein franchisees would prepare, sell, and distribute French fries, hash browns and other food products supplied, designed, and manufactured by McDonald's Corporation.

7.  On and prior to February 2006, McDonald's entered into franchise agreements wherein franchisees would prepare, sell, and distribute French fries, has browns and other food products created under McDonald's designs, specifications, formulations, and recipes.

8.  On and prior to February 2006, McDonald's prepared, sold, and distributed French fries and hash browns, and other food products through corporate owned and operated restaurants.

9.  On and prior to February 2006, McDonald's Oak Brook Home Office employees worked to support the McDonald's System through a variety of business functions including but not limited to:

   (a) Customer satisfaction;
   (b) Distribution/Logistics;
   (c) Facilities Systems;
   (d) Franchising;
   (e) Information Services;
   (f) Marketing;
   (g) Media Relations;

       (h)    Product Development;
       (i)    Purchasing;
       (j)    Quality Assurance; and
       (k)    Restaurant Operations.

10. On and prior to February 2006, McDonald's, its subsidiaries and affiliates, marketed and promoted McDonald's food and beverage products including but not limited to French fries and hash browns.

11. Prior to February 2006, Defendant McDonald's posted a list of "Gluten Free Menu Items" on its website which contained the wording "McDonald's provides a listing of popular menu items that are gluten free and contain no wheat, barley, oats or rye."

12. Prior to February 2006, McDonald's knew or should have known that components of its French fries and hash browns contained wheat and milk ingredients.

13. Prior to February 2006, despite the knowledge that McDonald's French fries and hash browns had wheat and milk as components thereof, McDonald's continued to represent its French fries and hash browns were gluten free and contained no wheat.

14. Prior to February 2006, despite the knowledge that McDonald's French fries and hash browns had wheat and milk as components thereof, McDonald's continued to represent its French fries and hash browns contained no milk.

15. Prior to February 2006, managers and employees of restaurants owned, managed, and/or supplied by McDonald's made express and/or implied representations that McDonald's French fries and hash browns contained no gluten, wheat, or milk ingredients.

16. At the time managers, and employees of restaurants owned, managed, and/or supplied by McDonald's made representations that McDonald's French fries and hash browns contained no

gluten, wheat, or milk ingredients said managers and employees had the authority or apparent authority to make those representations on behalf of McDonald's.

17.  On and prior to February 2006, McDonald's expected and knew its French fries and hash browns were consumed by individuals suffering allergies to gluten, wheat, and milk.

18.  On and prior to February 2006, McDonald's expected and knew its French fries and hash browns were consumed by individuals suffering gluten sensitivities, including but not limited to Celiac disease.

19.  Prior to February 2006, McDonald's through its corporate employees, worked very closely with the Celiac Spru Association to learn about Celiac disease.

20.  Prior to February 2006, McDonald's knew that derivatives or products of milk, wheat, and other cereals containing gluten are considered allergens in foods.

21.  On or about February 14, 2006, McDonald's, through its director of global nutrition, Cathy Kapica, admitted, "We knew there were always wheat and dairy derivatives in there [the fries]."

22.  Prior to February 2006, McDonald's fully understood the critical nature of the diet for Celiac disease sufferers.

23.  Prior to February 2006, McDonald's under took to provide its customers information regarding allergens, including but not limited to gluten and milk.

24.  Prior to February 2006, McDonald's promoted itself as providing comprehensive information for individuals who are gluten intolerant.

25.  Prior to February 2006, McDonald's provided allergen information on its website and through a toll free number (800) 244-6227.

26. Defendant McDonald's knows the origin of each product served in each of its restaurants.

27. For each of its products Defendant McDonald's knows the history, the transportation conditions, and how the product was prepared.

28. For each of its products Defendant McDonald's keeps detailed information on its ingredients, from meats to sauces, which helps it maintain quality.

29. Defendant McDonald's manages its systems to ensure traceability from farm to front counter.

30. Defendant McDonald's works with its suppliers to know every detail of the production system.

31. Defendant McDonald's demands that suppliers adhere to very strict and high quality standards.

32. Defendant McDonald's audits the facilities of its suppliers regularly to ensure compliance.

33. Before being served in a McDonald's restaurants, each ingredients has gone through a strict series of controls.

## COUNT I
## STRICT PRODUCT LIABILITY
## (DEFECT)

34. The Plaintiffs adopt by reference all the General Allegations contained in paragraphs 1-33 above, as fully set forth herein.

35. On and prior to February 2006, McDonald's engaged in the practice of preparing, selling, distributing, supplying, designing, manufacturing, marketing and promoting McDonald's French fries and hash browns representing said French fries and hash brown's as containing no wheat,

gluten, or milk.

36.   On and prior to February 2006, McDonald's French fries and hash browns were expected by McDonald's to be consumed, and were consumed, by individuals with allergies and/or intolerance for foods containing wheat, gluten, and/or milk.

37.   On and prior to February 2006, McDonald's French fries and hash browns were in a defective and unreasonably dangerous condition at the time they were placed in the stream of commerce in ways which include, but are not limited to, one or more of the following particulars:

    a.   When placed in the stream of commerce, McDonald's French fries and hash browns contained unreasonably dangerous design defects and were not reasonably safe as intended to be consumed by persons who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, including Plaintiffs, subjecting the Plaintiffs to unreasonable risks of harm;

    b.   When placed in the stream of commerce, McDonald's French fries and hash browns were defective in design and formulation, making their consumption unreasonably dangerous to persons who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, including the Plaintiffs;

    c.   The Defendant failed to conduct sufficient testing on McDonald's French fries and hash browns which, if properly performed, would have shown that consumption of McDonald's French fries and hash browns would have serious side effects on persons who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, including the Plaintiffs;

    d.   McDonald's French fries and hash browns were known to the Defendant to cause harmful side effects on persons who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, and side effects outweighed any potential utility of the food product; and

    e.   McDonald's French fries and hash browns were not safe for its intended use by customers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients including the Plaintiffs.

38. But for the aforementioned defective and unreasonably dangerous condition of McDonald's French fries and hash browns, the Plaintiffs would not have sustained the damages alleged herein.

39. As a proximate cause of the defective condition of McDonald's French fries and hash browns, the Plaintiffs sustained serious and permanent illnesses including, but not limited to: An aggravation of Advanced Celiac Disease and/or milk allergies. Damages also include pain, suffering and mental anguish, both in the past and in the future, accrued medical expenses, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and other damages to be proven at trial. Plaintiffs illnesses are permanent and these damages and losses will continue in the future. Further, the Plaintiffs may have suffered an aggravation of pre-existing conditions.

## COUNT II
## STRICT PRODUCT LIABILITY
## (FAILURE TO WARN)

40. The Plaintiffs adopt by reference all of the General Allegations contained in Paragraphs 1 through 33 above, as though fully set forth herein.

41. McDonald's French fries and hash browns were defective and unreasonably dangerous to persons who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, including the Plaintiffs, when they left the possession of the Defendant, in that they failed to contain warnings or contained warnings which either concealed or misled the consumer as to the dangerous risks and reactions associated with McDonald's French fires and hash browns for persons who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients.

42. The Plaintiffs' reaction to the consumption of gluten, wheat and/or milk ingredients in the Defendant's French fries and hash browns is more than an idiosyncratic or rare allergic reaction.

43. The number of people who are, or might be, affected by the consumption of gluten, wheat and/or milk ingredients represents a significant portion of the population and the ordinary consumer would not anticipate that French fries and hash browns would contain gluten, wheat and/or milk ingredients and the ordinary consumer would not anticipate that consumption of gluten, wheat and/or milk ingredients would affect a significant portion of the population.

44. As such, Defendant McDonald's had a duty, or assumed a duty, to warn of the presence of gluten, wheat and/or milk ingredients in the French fries and hash browns and the Defendant's failure to warn rendered the product unreasonably dangerous.

45. Furthermore, Defendant McDonald's knew prior to February 2006, ~~that wheat and/or milk ingredients were used as a component part used in the manufacture of their French fries and hash browns~~ failed to disclose that fact to their customers, including the Plaintiffs, until February 2006.

46. McDonald's French fries and hash browns, manufactured, supplied, handled, prepared and/or cooked by Defendant McDonald's were not accompanied by proper warnings regarding all possible adverse side effects associated with the consumption of McDonald's French fries and hash browns by persons who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients.

47. Plaintiffs could not have discovered any defect in McDonald's French fries and hash browns through the exercise of reasonable care.

48. Plaintiffs did not have the knowledge and/or information they would have received from

8

an adequate warning that the manufacturer or distributor should have communicated to the Plaintiffs. Furthermore, the Defendant knew ~~prior to February 2006, that wheat and milk ingredients were used as a component of their French fries and hash browns~~ and failed to disclose that fact to their customers, including the Plaintiffs, until February 2006.

49. Had adequate warnings or nutritional information been provided, Plaintiffs would not have consumed McDonald's French fries and hash browns and suffered the harmful side effects of wheat and/or milk ingredients contained in McDonald's French fries and hash browns.

50. Defendant McDonald's had a continuing duty to warn consumers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, including the Plaintiffs, of the dangers associated with consumption of McDonald's French fries and hash browns.

51. The managers of Defendant McDonald's affirmatively represented that the French fries and hash browns were safe for consumption by the Plaintiffs.

52. As a proximate cause of the defective condition of McDonald's French fries and hash browns, the Plaintiffs sustained serious and permanent illnesses including, but not limited to: An aggravation of Advanced Celiac Disease and/or milk allergies. Damages also include pain, suffering and mental anguish, both in the past and in the future, accrued medical expenses, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and other damages to be proven at trial. Plaintiffs illnesses are permanent and these damages and losses will continue in the future. Further, Plaintiffs may have suffered an aggravation of pre-existing conditions.

### COUNT III

## STRICT PRODUCT LIABILITY
## MISREPRESENTATION

53. The Plaintiffs adopt by reference all of the General Allegations contained in Paragraphs 1 through 33 above, as though fully set forth herein.

54. At all times material hereto, the Defendant McDonald's its subsidiaries and affiliates, individually and collectively, have engaged in the business of preparing, selling, distributing, supplying, designing, manufacturing, marketing and promoting McDonald's French fries and hash browns. Furthermore, Defendant handled, prepared and cooked the French fries and hash browns in its corporate restaurants and its franchisees' restaurants.

55. At all times material hereto, the Defendant McDonald's, by and through postings on its corporate web site (www.McDonalds.com), nutritional pamphlets, or otherwise in writing, made written material misrepresentations of fact to the public, including the Plaintiffs herein, regarding the character and quality of their French fries and hash browns, to wit: that the French fries and hash browns were gluten free, contained no wheat, or milk ingredients.

56. Specifically, McDonald's Corporation posted a list of "Gluten Free Menu Items" on its web site and the list contained the following wording: "McDonald's provides a listing of popular menu items that are gluten free and contain no wheat, barley, oats or rye".

57. Defendant McDonald's Corporation knew or should have known that the above statement posted on their web site was inaccurate.

58. ~~[redacted]~~.

59. Despite that knowledge, McDonald's continued to represent their French fries were gluten free and contained no wheat. The Defendants further failed to identify milk as an

10

ingredient in their French fries and hash browns.

60. Furthermore, managers and employees of restaurants owned and managed by McDonald's Corporation and its franchisees made express and/or implied representations to the Plaintiffs that McDonald's French fries and hash browns contained no gluten, wheat or milk ingredients.

61. These managers and employees were acting in the course and scope of their employment with McDonald's Corporation, when making these representations and had the authority or apparent authority to make these representations on behalf of the aforesaid defendants.

62. Furthermore, Plaintiffs, on more than one occasion, contacted corporate offices of McDonald's in Illinois and were told by persons at the corporate office (who identified themselves as employees of the McDonald's Corporation) that the French fries and hash browns contained no gluten, wheat or milk.

63. At all times material hereto, the Defendant McDonald's, by and through its web site, nutritional pamphlets, or otherwise in writing, made written material misrepresentations of fact to the public, including the Plaintiffs herein, regarding the character and quality of their French fries and hash browns, to wit: that the French fries and hash browns were gluten free and contained no wheat or milk ingredients.

64. Furthermore managers and employees of the Defendant made express oral representations of fact regarding the character and quality of their French fries and hash browns, to wit: that the French fries and hash browns were gluten free and contained no wheat or milk ingredients. Specifically, persons who identified themselves as managers of the restaurants previously described, told the Plaintiffs that the French fries and hash browns contained no

11

gluten, wheat or milk. The misrepresentations were made on a regular basis prior to February 2006, upon inquiry from the Plaintiffs.

65. At the time of Defendant McDonald's material misrepresentations, the Plaintiffs were unaware of the falsity of the statements being made, and Plaintiffs believed them to be true. Plaintiffs had no knowledge of the information concealed and/or suppressed by Defendant.

66. Plaintiffs justifiably relied on the aforesaid misrepresentations in deciding to purchase and consume McDonald's French fries and hash browns.

67. As a proximate cause of the misrepresentations regarding the character and quality of McDonald's French fries, the Plaintiffs sustained serious and permanent illnesses including, but not limited to: An aggravation of Advanced Celiac Disease and/or milk allergies. Damages also include pain, suffering and mental anguish, both in the past and in the future, accrued medical expenses, loss of capacity for the enjoyment of life, expense of hospitalization, medical nursing care and treatment, and other damages to be proven at trial. Plaintiffs' illnesses are permanent and these damages and losses will continue in the future. Further, the Plaintiffs may have suffered an aggravation of pre-existing conditions. These damages and losses will continue in the future.

## COUNT IV
## NEGLIGENCE

68. The Plaintiffs adopt by reference all of the General Allegations contained in Paragraphs 1 through 33 above, as though fully set forth herein.

69. Defendant McDonald's created, manufactured, designed, tested, labeled, supplied, packaged, prepared, distributed, marketed, advertised and/or sold McDonald's French fries and hash browns in the State of Illinois.

70. Furthermore, restaurants bearing the McDonald's brand handled, prepared and cooked the French fries and hash browns in their store, after receiving them from Defendant McDonald's Corporation or their suppliers.

71. At all times material hereto, Defendant McDonald's had a duty, or through its representations, assumed a duty to Plaintiffs to exercise reasonable care in the making, creation, manufacture, assembly, design, testing, labeling, supplying, packaging, distribution, promotion, marketing, advertising and/or sale of its food products.

72. Defendant McDonald's had a duty to see that no cross contamination occurred between the French fries and hash browns and other food products and/or preparations materials that contained gluten, wheat and/or milk ingredients.

73. Prior to February 2006, McDonald's conducted absolutely no testing of its French fries and hash browns for the presence of wheat.

74. Prior to February 2006, McDonald's conducted absolutely no testing of its French fries and hash browns for the presence of gluten.

75. Prior to February 2006, McDonald's conducted absolutely no testing of its French fries and hash browns for the presence of milk.

76. Defendant McDonald's breached its duty and was negligent in its actions towards the Plaintiffs, including but not limited to the following:

    a. Failure to include adequate warnings with McDonald's French fries and hash browns that would alert consumers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, of the potential risks and serious side effects of consuming McDonald's French fries and hash browns and that the French fires and hash browns contained gluten, wheat and/or milk ingredients;

    b.    Failure to adequately and properly test McDonald's French fries and hash browns for the presence of gluten, wheat and/or milk ingredients before placing Mc Donald's French fries and hash browns on the market;

    c.    Failure to adequately warn consumers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, including the Plaintiffs, that the consumption of McDonald's French fries and hash browns carried a risk of an allergic reaction or serious illness;

    d.    Failure to provide adequate post-marketing warnings or instructions after the Defendant knew or should have known of the presence of gluten, wheat and/or milk ingredients in their French fries and hash browns and of the significant risks of allergic reaction or serious illness from the consumption of McDonald's French fries and hash browns;

    e.    Encouraging the consumption of McDonald's French fries and hash browns, while underplaying the side effects to consumers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, including the Plaintiffs, in order to make a profit from sales; and

    f.    Failure to provide accurate nutritional information regarding the presence of gluten, wheat and/or milk ingredients in McDonald's French fries and hash browns.

    g.    Providing incorrect or inaccurate information to the Plaintiffs that the French fries and hash browns did not contain gluten and/or wheat ingredients;

    h.    Failure to protect against cross contamination of the French fries and hash browns by food products and/or preparation materials that contained gluten and/or wheat ingredients.

77.    Defendant McDonald's knew or should have known that McDonald's French fries and hash browns contained gluten, wheat and/or milk ingredients and caused unreasonably dangerous risks and serious side effects to consumers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, and the Plaintiffs were not ware of such risks and serious side effects.

78.    Defendant McDonald's nevertheless advertised, marketed, sold and distributed

McDonald's French fries, knowing that there was significant risk of allergic reaction and serious illness effects in consumers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients.

79. Furthermore, Defendant McDonald's handled, prepared and cooked the French fries and hash browns without protecting against cross contamination by other food products and/or preparation materials that contained gluten and/or wheat ingredients.

80. But for the Defendant McDonald's negligent conduct, as described herein, the Plaintiffs would not have consumed McDonald's French fries and hash browns, and the Plaintiffs would not have suffered illness, loss and damage.

81. As a proximate cause of the negligence of Defendant McDonald's, the Plaintiffs sustained serious and permanent illnesses including, but not limited to: An aggravation of Advanced Celiac Disease and/or milk allergies. Damages also include pain, suffering and mental anguish, both in the past and in the future, accrued medical expenses, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and other damages to be proven at trial. Plaintiffs illnesses are permanent and these damages and losses will continue in the future. Further, the Plaintiffs may have suffered an aggravation of pre-existing conditions.

## COUNT V
## BREACH OF EXPRESS WARRANTY

82. The Plaintiffs adopt by reference all of the General Allegations contained in Paragraphs 1 through 33 above, as though fully set forth herein.

83. Defendant McDonald's expressly warranted that McDonald's French fries and hash browns did not contain any gluten, wheat and/or milk ingredients, and it was safe for consumers, who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk,