including the Plaintiffs, to consume their French fries and hash browns.

84. Defendant, McDonald's posted information on its web site warranting that McDonald's French fries and hash browns were "gluten free" and free of "any wheat".

85. Managers of restaurants owned, supplied and managed by McDonald's Corporation and/or its franchisees made express representations to the Plaintiffs that McDonald's French fries and hash browns contained no gluten, wheat and/or milk and were safe for consumption by the susceptible Plaintiffs.

86. McDonald's French fries and hash browns did not conform to these express representations because McDonald's French fries and hash browns were not gluten free, did contain gluten, wheat and/or milk ingredients, and were not safe for consumption by consumers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, including the Plaintiffs.

87. As a proximate cause of the breach of the express warranty, the Plaintiffs sustained serious and permanent illnesses including, but not limited to: An aggravation of Advanced Celiac Disease and/or milk allergies. Damages also include pain, suffering and mental anguish, both in the past and in the future, accrued medical expenses, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and other damages to be proven at trial. Plaintiffs illnesses are permanent and these damages and losses will continue in the future. Further, the Plaintiffs may have suffered an aggravation of pre-existing conditions.

## COUNT VI
## BREACH OF IMPLIED WARRANTIES

88. The Plaintiffs adopt by reference all of the General Allegations contained in Paragraphs 1 through 33 above, as though fully set forth herein.

89. At all times material hereto, Defendant McDonald's marketed, sold and distributed McDonald's French fries and hash browns for consumption by consumers who are allergic to or had an intolerance for foods containing gluten, wheat and milk ingredients, such as the Plaintiffs.

90. Defendant McDonald's impliedly warranted that McDonald's French fries and hash browns were of merchantable quality, safe and fit for its intended purpose of consumption by consumers who are allergic to or had an intolerance for foods containing gluten, wheat and milk ingredients, including the Plaintiffs.

91. Plaintiffs relied upon the skill and judgment of Defendant McDonald's as to whether McDonald's French fries and hash browns were of merchantable quality, safe and fit for its intended purpose of consumption by customers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients.

92. Contrary to such implied warranties, McDonald's French fries and hash browns were not of merchantable quality, safe or fit for its intended purpose of consumption by customers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, because of McDonald's French fries and hash browns were and are unreasonably dangerous unfit for the purpose of consumption by customers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients.

93. As a proximate cause of the breach of implied warranty, the Plaintiffs, sustained serious and permanent illness including, but not limited to: An aggravation of Advanced Celiac Disease and/or milk allergies. Damages also include pain, suffering and mental anguish, both in the past and in the future, accrued medical expenses, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and other damages to be proven at trial.

Plaintiffs illnesses are permanent and these damages and losses will continue in the future. Further, the Plaintiffs may have suffered an aggravation of pre-existing conditions.

## COUNT VII
## FRAUDULENT MISREPRESENTATION
## AND FRAUDULENT CONCEALMENT

94.     The Plaintiffs adopt by reference all of the General Allegations contained in Paragraphs 1 through 33 above, as though fully set forth herein

95.     The Defendant, McDonald's Corporation, having undertaken the manufacturing, marketing, dispensing, distributing and promotion of McDonald's French fries and hash browns, owed a duty to provide complete and accurate nutritional information regarding McDonald's French fries and hash browns to the Plaintiffs and anyone else they knew, or should have known, would consume McDonald's and hash browns.

96.     Nevertheless, Defendant McDonald's fraudulently and intentionally misrepresented material facts regarding the composition and safety of McDonald's French fries and hash browns and failed to inform and did conceal from the Plaintiffs, material facts.

97.     At all time material hereto, the Defendant McDonald's, by and through postings on their corporate web site (www.McDonalds.com), nutritional pamphlets or otherwise in writing, made written material misrepresentations of fact to the public, including the Plaintiffs herein, regarding the character and quality of their French fries and hash browns, to wit: that the French fries and hash browns were gluten free and contained no wheat or milk ingredients.

98.     McDonald's Corporation posted a list of "Gluten Free Menu Items" on its web site and the list contained the following wording: "McDonald's provides a listing of popular menu items that are gluten free and contain no wheat, barley, oats or rye".

99. Prior to February 2006, McDonald's Corporation knew or should have known that the above statement posted on their web site was inaccurate.

100. [redacted]

101. Despite that knowledge, McDonald's continued to represent that their French fries were gluten free and contained no wheat.

102. Furthermore, managers and employees of the Defendant McDonald's made express oral misrepresentations of fact regarding the character and quality of their French fries and hash browns, to wit: that the French fries and hash browns were gluten free and contained no wheat or milk ingredients.

103. Specifically, persons who identified themselves as managers of the McDonald's restaurants owned, and or franchised by Defendant McDonald's, told the Plaintiffs that the French fries and hash browns contained no gluten, wheat or milk.

104. Plaintiffs, on more than one occasion, contacted corporate offices of McDonald's in Illinois and were told by persons at the corporate office (who identified themselves as employees of the McDonald's Corporation) that the French fries and hash browns contained no gluten, wheat or milk.

105. Defendant McDonald's fraudulently and intentionally misrepresented and concealed nutritional and allergen information regarding McDonald's French fries and hash browns including, but not limited to, the fact that the French fires and hash browns and or  [redacted].

106. At the time that the fraudulent and intentional misrepresentations were made, Defendant McDonald's knew that McDonald's French fries and hash browns were unsafe for consumption by customers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, and their consumption posed a risk of allergic reaction and/or serious illness.

107. The fraudulent misrepresentations of and/or concealment alleged above were perpetuated directly and/or indirectly by Defendant McDonald's and their employees, managers and corporate representatives.

108. Defendant McDonald's knew that these representations were false and/or misleading at the time they were made, omitted or concealed, and it made the aforesaid misrepresentations with the intent or purpose that the Plaintiffs, and others similarly situated, would rely on them, leading to the consumption of McDonald's and hash browns by the Plaintiffs.

109. At the time of Defendant McDonald's fraudulent misrepresentations, Plaintiffs were not aware of the falsity of the statements being made, and believed them to be true. Plaintiffs had no knowledge of the information concealed and/or suppressed by Defendant McDonald's.

110. Plaintiffs justifiably relied on and/or were induced by the fraudulent misrepresentations and/or active concealment and the absence of accurate nutritional information, which Defendant McDonald's suppressed, concealed and failed to disclose.

111. Defendant McDonald's had a post-sale duty to warn the Plaintiffs about the potential risks and complications associated with the consumption of their French fries and hash browns by consumers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, including the Plaintiffs.

112.  The fraudulent misrepresentations of and/or concealment by Defendant McDonald's constitute a continuing fraud.

113.  Defendant McDonald's made the fraudulent misrepresentations and/or concealed this information with the intention and specific desire that the Plaintiffs and the consuming public would rely on such, or the absence of information, in selecting McDonald's French fries and hash browns as food products that were free of any gluten, wheat and/or milk ingredients.

114.  As a proximate cause of the fraudulent misrepresentations regarding McDonald's French fries and hash browns, the Plaintiffs sustained serious and permanent illnesses including, but not limited to: An aggravation of Advanced Celiac Disease and/or milk allergies. Damages also include pain, suffering and mental anguish, both in the past and in the future, accrued medical expenses, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and other damages to be proven at trial. Plaintiffs illnesses are permanent and these damages and losses will continue in the future. Further, the Plaintiffs may have suffered an aggravation of pre-existing conditions. These damages and losses will continue in the future.

### COUNT VIII
### NEGLIGENT MISREPRESENTATION AND NEGLIGENT CONCEALMENT

115.  The Plaintiffs adopt by reference all of the General Allegations contained in Paragraphs 1 through 33 above, each inclusive, as though fully set forth herein.

116.  Defendant McDonald's, having undertaken the manufacturing, marketing, dispensing, distributing and promotion of McDonald's French fries and hash browns, owed a duty to provide complete and accurate information regarding McDonald's French fries and hash browns to the

Plaintiffs and anyone else they knew, or should have known, would consume McDonald's French fries and hash browns.

117. Nevertheless, Defendant McDonald's misrepresented material facts regarding the composition and safety of McDonald's French fries and hash browns and negligently failed to inform and did conceal from the Plaintiffs, material facts regarding their French fries and hash browns.

118. At all times material hereto, the Defendant McDonald's by and through postings on its corporate web site (www.McDonalds.com), nutritional pamphlets or otherwise in writing, made written material misrepresentations of fact to the public, including the Plaintiffs herein, regarding the character and quality of their French fries and hash browns, to wit: that the French fires and hash browns were gluten free and contained no wheat or milk ingredients.

119. Specifically, McDonald's Corporation posted a list of "Gluten Free Menu Items" on its web site and the list contained the following wording: "McDonald's provides a listing of popular menu items that are gluten free and contain no wheat, barley, oats or rye".

120. Upon information and belief, McDonald's Corporation knew or should have known that the above statement posted on their web site was inaccurate.

121. At all times material hereto, McDonald's franchisees, by and through nutritional pamphlets or otherwise in writing made by Defendant McDonald's, made written material misrepresentation of fact to the public, including the Plaintiffs herein, regarding the character and quality of their French fries and hash browns, to wit: that the French fries and hash browns were gluten free and contained no wheat or milk ingredients.

122. Defendant McDonald's negligently misrepresented and concealed nutritional information

22

regarding McDonald's French fires and hash browns, including, but not limited to the fact, that the French fires and hash browns and or cooking oil and/or cooking process used to prepare their French fries and hash browns contained gluten, wheat and/or milk ingredients.

123. McDonald's French fries and hash browns were unsafe for consumption by consumers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, and the consumption of the French fries and hash browns by such persons posed a risk of allergic reaction and serious illness, which outweighed the purported benefits of its consumption, such that serious illness was caused to the Plaintiffs.

124. Defendant McDonald's Corporation negligently misrepresented and concealed adverse information at a time when they knew or should have known that McDonald's French fries and hash browns had defects, dangers and characteristics that were other than what the Defendant had represented about McDonald's French fries and hash browns to the consuming public, including the Plaintiffs.

125. The negligent misrepresentations of and/or concealment alleged above were perpetuated directly and/or indirectly by Defendant McDonald's.

126. The negligent misrepresentations of the Defendant took the form of statements and misinformation posted on the Gluten Free Menu Item listed that was posted on their website, which concealed and misled the Plaintiffs about the nutritional composition and safety of McDonald's French fries.

127. The negligent misrepresentations of the Defendant also took the form of express statements and representations by managers of restaurants owned and managed by McDonald's Corporation and its franchisees.

128. Defendant McDonald's knew or should have known that these representations were false and/or misleading at the time they were made, omitted or concealed and they made the aforesaid misrepresentations with the intent or purpose that the Plaintiffs, and other similarly situated, would rely on them, leading to the consumption of McDonald;'s French fires and hash browns by the Plaintiffs.

129. ~~In fact, on or about September 9, 2006, McDonald's was advised that a component part of its French fries and hash browns, contained wheat and milk ingredients.~~

130. ~~In fact, on or about September 9, 2006, McDonald's was advised that starter ingredients of a component part of its French fries and hash browns were wheat and milk products.~~

131. Despite that knowledge, McDonald's continued to represent that their french fries were gluten free and contained no wheat.

132. At the time of Defendant McDonald's negligent misrepresentations, Plaintiffs were unaware of the falsity of the statements being made and believed them to be true. Plaintiffs had no knowledge of the information concealed and/or suppressed by Defendant.

133. Plaintiffs justifiably relied on and/or were induced by the negligent misrepresentations and/or active concealment and the absence of accurate information, which the Defendant suppressed, concealed and failed to disclose.

134. Defendant McDonald's had a post-sale duty to warn the Plaintiffs about the potential risks and complication associated with the consumption of their french fries and hash browns by consumers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, including the Plaintiffs.

135. The negligent misrepresentations of and/or active concealment by Defendant McDonald's

constitute a continuing tort.

136. Defendant negligently made the misrepresentations when it was foreseeable that the Plaintiffs and the consuming public would rely on such information, or the absence of information, in selecting McDonald's French fries and hash browns as food products free of gluten, wheat and/or milk ingredients.

137. As a proximate cause of the negligent misrepresentations and/or omissions regarding McDonald's French fries and hash browns, the Plaintiffs, sustained serious and permanent illnesses including, but not limited to: An aggravation of Advanced Celiac Disease and/or milk allergies. Damages also include pain, suffering and mental anguish, both in the past and in the future, accrued medical expenses, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and other damages to be proven at trial. Plaintiffs illnesses are permanent and these damages and losses will continue in the future. Further, the Plaintiffs may have suffered an aggravation of pre-existing conditions.

WHEREFORE Plaintiffs EDWIN BRZTOWSKI, VIKTORIA HUFFMAN, and BRAEDYN PIERCE-COGGINS, a minor by his mother and next friend, SUZANNE PIERCE-COGGINS, ask for judgment against Defendant MCDONALD'S CORPORATION in a sum in excess of $50,000.00 (FIFTY THOUSAND DOLLARS).

<u>**COUNT IX**</u>
<u>**SENSIENT FLAVORS, INC.**</u>
<u>**NEGLIGENCE**</u>

NOW COME the Plaintiffs, EDWIN BRZTOWSKI, VIKTORIA HUFFMAN, and BRAEDYN PIERCE-COGGINS, a minor by his mother and next friend, SUZANNE PIERCE-COGGINS, by their attorneys, Dale & Pakenas, and complaining of Defendant SENSIENT

25

TECHNOLOGIES CORPORATION d/b/a SENSIENT FLAVORS, INC., states:

1. At all times material hereto Sensient Technologies Corporation d/b/a Sensient Flavors, Inc., (hereinafter "Sensient") was a corporation which develops, manufactures, and distributes flavor and fragrance products.

2. On and prior to February 2006, Sensient transacted business within the State of Illinois by its marketing, promotion, sale, contracting and delivery of flavorings to McDonald's Corporation who's headquarters is located at One McDonald's Plaza, Oak Brook, Illinois.

3. On and prior to February 2006, Sensient did business within the State of Illinois by its marketing, promotion, sale, and delivery of flavorings to McDonald's Corporation who's headquarters is located at One McDonald's Plaza, Oak Brook, Illinois.

4. On and prior to February 2006, Sensient marketed, promoted, sold, created, produced, and delivered flavorings which were consumed by citizens of the State of Illinois, including those residing in Cook County.

5. On and prior to February 2006, Sensient marketed, promoted, sold, created, produced, and delivered flavorings which it knew would be consumed by citizens of the State of Illinois, including those residing in Cook County.

6. On and prior to February 2006, Sensient received monetary compensation from McDonald's Corporation, who's principal place of business is Illinois, for the provision and supply of component parts or ingredients of McDonald's French fries and hash browns.

7. Prior to February 2006, Sensient designed, formulated, prepared, mixed, created, and/or produced component parts or ingredients used in the production of McDonald's French fries and hash browns.

8. Prior to February 2006, and at least as of September 2005, Sensient utilized ingredients ~~including derivatives of wheat~~ in its production of component parts used in the production of McDonald's French fries and hash browns.

9. Prior to February 2006, and at least as of September 2005, Sensient utilized ingredients ~~including derivatives of milk~~ in its production of component parts used in the production of McDonald's French fries and hash browns.

10. At least as of September 2005, Sensient utilized ingredients ~~including derivatives of wheat~~ in its production of component parts used in the production of McDonald's French fries and hash browns.

11. At least as of September 2005, Sensient utilized ingredients ~~including derivatives of milk~~ in its production of component parts used in the production of McDonald's French fries and hash browns.

12. Prior to February 2006, Sensient knew the component parts it formulated, designed, prepared, mixed and created for McDonald's was incorporated in McDonald's French fries and hash browns.



13. ~~At least as of September 2005, written documents prepared and published by Sensient, to its employees concerning the ingredients used in component parts of McDonald's French fries and hash browns contained specific written allergen warnings concerning gluten and milk.~~

14. ~~At least as of September 2005, written documents prepared and published by Sensient listed ingredients used in the manufacture of component parts of McDonald's French fries and hash browns as containing wheat and milk allergens.~~

15. ~~At no time between March 2005 and January 2006 did Sensient change the ingredients~~

~~in the component parts it supplied to McDonald's for use in the production McDonald's French fries and hash browns.~~

16. ~~On or about September 9, 2005, Sensient advised McDonald's of the presence of wheat in the component part it supplied to McDonald's for use in the production of McDonald's French fries and hash browns.~~

17. ~~On or about September 9, 2005, Sensient advised McDonald's of the presence of milk in the component part it supplied to McDonald's for use in the production of McDonald's French fries and hash browns.~~

18. Prior to February 2006, Sensient had a duty to warn of the ~~presence of wheat, gluten, and/or milk~~ in the component part of McDonald's French fries and hash browns which it supplied to McDonald's.

19. Prior to February 2006, Sensient had a duty to provide a warning ~~equivalent to which it gave to its own employees regarding the presence of wheat, gluten, and milk in the component part~~ of McDonald's French fries and hash brown's which it supplied to McDonald's.

20. Prior to September 2005, Sensient knew that ~~gluten~~ was an allergen known to cause injury to individuals with allergies or sensitivities to ~~gluten~~.

21. Prior to September 2005, Sensient knew that ~~wheat~~ was an allergen known to cause injury to individuals with allergies or sensitivities to ~~wheat~~.

22. Prior to September 2005, Sensient knew that ~~milk~~ was an allergen known to cause injury to individuals with allergies or sensitivities to ~~milk~~.

23. Prior to September 2005, Sensient knew that ~~casien~~ was an allergen known to cause injury to individuals with allergies or sensitivities to ~~casien~~.

24. Prior to September 9, 2005, Sensient breached its duty to disclose or warn of the presence of ~~wheat~~ in the component part of McDonald's French fries and hash brown's.

25. Prior to September 9, 2005, Sensient breached its duty to disclose or warn of the presence of ~~gluten~~ in the component part of McDonald's French fries and hash brown's.

26. Prior to September 9, 2006, Sensient breached its duty to disclose or warn of the presence of ~~milk~~ in the component part of McDonald's French fries and hash brown's.

27. Prior to September 9, 2006, Sensient negligently held out its component part manufactured by it and supplied to McDonald's ~~wheat, gluten, and milk free~~.

28. ~~Prior to September 2006, Sensient negligently failed to test said McDonald's French fries and hash browns component part for the presence of wheat, gluten and milk.~~

29. ~~Prior to September 2006, Sensient negligently failed to obtain an expert opinion as to whether or not said McDonald's French fries and hash browns component part contained wheat, gluten and milk.~~

30. As a proximate cause of one or more of the negligent acts of Defendant Sensient Technologies Corporation, d/b/a Sensient Flavors, Inc., the Plaintiffs sustained serious and permanent illnesses including, but not limited to: An aggravation of Advanced Celiac Disease and/or milk allergies. Damages also include pain, suffering and mental anguish, both in the past and in the future, accrued medical expenses, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and other damages to be proven at trial. Plaintiffs illnesses are permanent and these damages and losses will continue in the future. Further, the Plaintiffs may have suffered an aggravation of pre-existing conditions.

WHEREFORE Plaintiffs EDWIN BRZTOWSKI, VIKTORIA HUFFMAN, and

BRAEDYN PIERCE-COGGINS, a minor by his mother and next friend, SUZANNE PIERCE-COGGINS, ask for judgment against Defendant SENSIENT TECHNOLOGIES CORP., d/b/a SENSIENT FLAVORS, INC., in a sum in excess of $50,000.00 (FIFTY THOUSAND DOLLARS).

Respectfully submitted,

By: *Thomas E. Pakenas* (signature)

Thomas E. Pakenas

Dale & Pakenas
641 W. Lake Street, Suite 400
Chicago, IL 60661
(312) 258-1800
Attorney I.D.: 31846